McDonald, J.
12In this case, the defendant, Vince Diez, appeals a judgment against him and in favor of the City of Donaldsonville, awarding the City of Donaldsonville $10,592.50 in damages with interest and costs, and recognizing its lien and privilege on Lot 56 on Nolan Avenue, and decreeing that the property be sold and the judgment be paid from the proceeds of the sale by priority over all other creditors of Mr. Diez.
FACTS AND PROCEDURAL HISTORY
The City of Donaldsonville filed a petition to enforce its hen on April 30, 2014, asserting that Mr. Diez owed it $10,592.50 for the demolition and removal of a dilapidated and dangerous structure on Lot 56. The City of Donaldsonville averred that it had notified Mr. Diez of the dilapidated and dangerous condition of the structure on the property and had ordered him to show cause at a Donaldsonville City Council meeting why the structure should not be demolished. After the City Council meeting, the City Council determined that *885 the structure should be demolished within 30 days and sent Mr. Diez notification of that determination. The City of Donaldson-ville maintained that after Mr. Diez failed to comply with the orders of the Donaldson City Council to demolish the structure, the City of Donaldsonville demolished and removed the structure. Thereafter, the City of Donaldsonville filed a lien on Lot 56 for reimbursement of the cost, but averred that payment had not been made.
The City of Donaldsonville maintained that Mr. Diez had received an accounting of the amount due and had failed after 30 days to pay the amount due, and thus was also liable for reasonable attorney fees. The City of Donaldsonville asked for recognition and enforcement of the privilege on the property, that the property in due course be seized and sold in order to satisfy the claim in priority to other claims, for costs of the proceedings, and for all other legal or equitable relief.
|aMr. Diez answered the petition, asserting that he was not the owner of the property, because although he had purchased the property at a tax sale he had not taken possession of the property, and because he had not taken any steps to perfect title to the property by way of a monition, suit to quiet tax title, or other means. Mr. Diez maintained that he had no legal obligation to pay for the cost of demolition of property to which his title was never perfected. Mr. Diez averred that he had offered any interest he had in the property to the City of Donaldsonville in exchange for a release from any claims regarding to property, but that the City of Donaldsonville had refused his offer. He asked that the City of Donaldsonville’s claims against him be dismissed at its cost.
After a hearing, the district court ruled in favor of the City of Donaldsonville and against Mr. Diez, awarding $10,592.50 in damages, with interest and costs, to the City of Donaldsonville, ordering that its lien and privilege on the property be recognized, that the property be sold, and that the judgment be paid from the proceeds of the sale by priority over other creditors. Mr. Diez has appealed that judgment.
THE APPEAL
In his appeal, Mr. Diez maintains that the trial court erred in granting a judgment in favor of the City of Donaldsonville holding him personally responsible for an in rem obligation. Mr. Diez maintains that Lot 56 and all of its improvements were adjudicated to the City of Donaldsonville by the tax collector for the City of Donald-sonville prior to the conveyance of a tax sale certificate to him by the Sheriff of Ascension Parish. Thus, he avers that he did not acquire any rights to Lot 56 at the June 9,2009 Ascension Parish Sheriffs tax sale.
Further, Mr. Diez maintains that he never took physical possession of Lot 56, as he never sought civil possession of the lot, never brought a monition proceeding, and never filed suit to quiet title to Lot 56. Therefore, he asserts that 14he had only an inchoate interest in Lot 56 and only in rem obligation, and he could not be held liable for the City of Donaldsonville’s demolition costs. Further, he maintains that Cleveland LeBlanc, Jr., only owned a 50 percent interest in Lot 56, therefore, only that 50 percent interest could have been affected by the Ascension Parish Sheriffs issuance of a tax sale certificate, so that the most he can be liable for is 50 percent of the City of Donaldsonville’s demolition costs.
ANALYSIS
The record shows that unpaid taxes on Lot 56 in the City of Donaldsonville were owed to both the City of Donaldsonville and to Ascension Parish (two separate tax *886 ing authorities) in 2009, The record owner of the property was Cleveland LeBlanc, Jr.
The Tax Collector for the City of Don-aldsonville seized and attempted to sell Lot 56 at public auction on May 18, 2009, and there were no bids on the property. Thereafter on May 20, 2009, having failed to sell the property at public bid, the Tax Collector for the City of Donaldsonville adjudicated Lot 56 to the City of Donald-sonville. This transfer of the title to Lot 56 from Cleveland LeBlanc, Jr., to the City of Donaldsonville was recorded in the Ascension Parish Clerk of Court’s conveyance records on May 22, 2009.
The record also shows that beginning on May 27, 2009, and each successive legal day afterward, the Sheriff of Ascension Parish offered Lot 56 for sale at public auction to satisfy taxes owed on the property to Ascension Parish. Mr. Diez purchased the property at public auction on June 9, 2009, for taxes due, interest, and fees totaling $253.45. This sale document was recorded in the Ascension Parish conveyance records on June 9,2009.
An instrument involving immovable property shall have effect against third persons only from the time it is filed for registry in the parish where the property is located. La. C.C. art. 1839. The public records doctrine is founded upon our | ^Public policy and social purpose of assuring stability of land titles. The primary focus of the public records doctrine is the protection of third persons against unrecorded interests. Cimarex Energy Co. v. Mauboules, 2009-1170 (La. 4/9/10), 40 So.3d 931, 943-44. A third person is a person who is not a party to or personally bound by an instrument. La. C.C. art. 3343.
The adjudication of Lot 56 to the City of Donaldsonville by the Tax Collector for the City of Donaldsonville had effect against third parties on May 22, 2009, after it was recorded in the conveyance records for Ascension Parish. Thus, the Parish of Ascension could not sell Lot 56 on June 9, 2009 to Mr. Diez in order to satisfy the property tax bill of Mr. Le-Blanc when Lot 56 had already been adjudicated to the City of Donaldsonville, and the adjudication had been recorded in the conveyance records for Ascension Parish.[1] The sale of a thing belonging to another does not convey ownership. La. C.C. art. 2452.
Therefore, the June 9, 2009 tax sale of Lot 56 by the Sheriff of Ascension Parish to Vince Diez was a nullity. Nullity may be raised at any time as a defense against an action on the contract. La. C.C. art. 2032. Mr. Diez has raised the defense of nullity of the tax sale of Lot 56 to him from the Sheriff of Ascension Parish, asking that the judgment against him by the City of Donaldsonville for reimbursement of costs for demolition of the house on Lot 56 be reversed, and we have found that his defense is well-founded.[2]
CONCLUSION
Thus, for the foregoing reasons, the trial court judgment against -Vince Diez and in favor of the City of Donaldsonville in the amount of $10,592.50, with legal ^interest from date of demand and costs, is reversed. The costs of this appeal, in the *887 amount of $1,642.89, are assessed against the City of Donaldsonville.
REVERSED.

. Therefore, the City of Donaldsonville filed a tax lien against its own property. When the qualities of obligee and obligor are united in the same person, the obligation is extinguished by confusion. La. C.C. art. 1903.

. Having found that the sale of Lot 56 to Mr. Diez was a nullity, we need not address the other issues raised by Mr. Diez in his appeal.